NOTICE
Decision filed 07/24/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260358-U

NO. 5-26-0358

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

___

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 26-CF-124 |
| | ) | |
| HEATHER KIRKPATRICK, | ) | Honorable Jo Beth Webber and |
| | ) | Honorable Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judges, presiding. |

___

JUSTICE BARBERIS delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed.

¶ 2    Defendant, Heather Kirkpatrick, appeals the Jefferson County circuit court's April 14, 2026, order that granted the State's petition to deny her pretrial release and the May 7, 2026, denial of her motion for relief and immediate release. For the following reasons, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4    On April 13, 2026, defendant was charged with one count of predatory criminal sexual assault of a child, in that defendant intentionally committed an act of sexual penetration with R.I., who was under 13 years of age, a Class X felony (720 ILCS 5/11-1.40(a)(1) (West 2024)), and one count of aggravated criminal sexual abuse, in that defendant committed an act of sexual

1

conduct with R.I., who was at least 13 years old but under 17 years old, a Class 2 felony (*id.* § 11-1.60(d)). Defendant was later charged by an amended information with a second count of predatory criminal sexual assault of a child (*id.* § 11-1.40(a)(1)), two counts of criminal sexual assault (*id.* § 11-1.20(a)(4)), and a second count of aggravated criminal sexual abuse (*id.* § 11-1.60(d)). Defendant was indicted on all six counts on April 23, 2026.

¶ 5 On April 13, 2026, the State filed a verified petition to deny defendant pretrial release, asserting that defendant was charged with a detainable offense, her release posed a real and present threat, and that no condition or combination of conditions could mitigate that threat.

¶ 6 The circuit court held a hearing on the petition on April 14, 2026. The State proceeded by proffer, stating that count I of the initial information, predatory criminal sexual assault of a child, alleges behavior from January to April 2020, and count II, aggravated criminal sexual abuse, alleges behavior from May 2020 to March 2026. The State said that R.I. was 12 years old when the behavior began, and he was now 18 years old. Defendant was in a relationship of trust, authority, or supervision of R.I. because defendant was the mother of R.I.'s girlfriend. Defendant allowed R.I. to stay at her house for periods of time over the years. R.I.'s mother and grandmother attempted to prevent contact between R.I. and defendant through an order of protection, and defendant fought against the order of protection. The State said that conditions would not mitigate the threat posed by defendant to R.I. because she "repeatedly, consistently had contact with [R.I.] while engaging in acts of sexual assault." R.I. was under the age of consent for all the charged acts. Defendant made admissions to the Mount Vernon Police Department (MVPD) that sexual contact occurred.

¶ 7 Defense counsel proffered that defendant had lived in Mount Vernon for 27 years and had significant family ties to Jefferson County, including her mother, daughter, and son. She was

2

employed and only had one traffic ticket in her criminal history. She was not on probation, bond, pretrial release, parole, or work release at the time of her arrest. There was no allegation of physical injury to R.I., and no weapon was used. R.I. was over 18 years old at the time of the hearing. Defendant would agree to any conditions of release, including home confinement, electronic monitoring, and no contact with R.I. She would reside at her current residence, where she lived with her family.

¶ 8 The circuit court found that the State proved by clear and convincing evidence that defendant posed a real and present threat to the safety of people in the community or R.I. Further, no condition or combination of conditions could mitigate that threat. The court entered a written order the same day, making the same findings.

¶ 9 Defense counsel filed a motion for relief and immediate release on April 14, 2026. The motion alleged that the State failed to prove that the proof was evident or presumption great that defendant committed a qualifying offense, that she posed a real and present threat to the community or any person, and that no condition or combination of conditions could mitigate the real and present threat. The motion specifically stated that the circuit court failed to consider defendant's ties to the community, her willingness to abide by any terms of pretrial release, her lack of criminal history, her employment opportunities, and that no weapon was used in the commission of the alleged offense.

¶ 10 The circuit court held a hearing on the motion for relief on April 21, 2026. As this hearing was heard before a different judge than the initial detention hearing, the parties provided a full factual proffer. Defense counsel stated that defendant was 42 years old and resided with her mother and son. She had her GED, lived in Jefferson County for 27 years, and was employed at the time of her arrest. She was not on probation, bond, pretrial release, parole, or work release at the time

3

of her arrest. Defendant's criminal record included one expunged case and one sealed case, both Class A misdemeanors. One offense was for domestic battery, and defense counsel was unaware of the other offense.

¶ 11    Defense counsel stated that defendant informed law enforcement that she was "extremely intoxicated on alcohol and marijuana" when R.I. came into her bedroom and sexually assaulted her on March 22 and 23, 2022, and she was subsequently blackmailed by R.I. There were no physical injuries and no weapon was used, and R.I. was now over 18 years old. R.I. was a friend of defendant's children. Defense counsel argued that the court failed to fully consider her ties to the community, willingness to abide by any terms of pretrial release, lack of criminal history, her employment opportunities, and that no weapon was used in the commission of the alleged offense. Defense counsel asked for defendant's release with conditions.

¶ 12    The State proceeded by proffer, stating that the charges were not based on one act but rather the offense occurred over a number of years, beginning in 2020 when R.I. was 12 years old and continuing until he was 18 years old in March 2026 when R.I. reported the offense to the MVPD. Defendant knew R.I. because he was the boyfriend of her daughter, and defendant was familiar with R.I.'s family. R.I. stayed at defendant's home at the request of defendant. The State said there were "layers as to how [defendant] had access to this child and continues to request to have access to him throughout the time period that the charges alleged, even though adults in the victim's life were expressing concern about the level of involvement that [defendant] had with this child." The State argued that the initial finding was proper and defendant posed a real and present threat. R.I.'s present age was irrelevant, as defendant still posed a risk because of her "continued and persistent actions that resulted in her access to the victim." The State asked that defendant remain detained.

4

¶ 13    When asked by the court, the State said that R.I. reported the offense to the MVPD after defendant "told her daughter that she had been engaging in sexual intercourse with her daughter's boyfriend." R.I. was still in a relationship with defendant's daughter, and she was also interviewed by the MVPD. Defense counsel stated that R.I. reported the offense, but defendant's account is that in 2022, when she was passed out, R.I. assaulted her and then blackmailed her. If she was released, house arrest and a no contact order would mitigate any danger she posed.

¶ 14    The circuit court stated that it considered defendant's age, education, employment, family ties, and minimal criminal history in her favor. The court said that the offense was serious and involved a child over many years. The court said, "I think the fact that you are alleging that it was really the victim's fault and that he was in some way blackmailing you, it makes me concerned actually for the ongoing safety of the victim." Defendant also had a relationship with alcohol based on her own statements in that she was previously incapacitated from its use. Further, defendant was in a position of trust over R.I. in that he was in a dating relationship with her daughter. As such, the circuit court denied the motion for relief.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, defendant argues that the circuit court erred in finding that she posed a real and present threat where the State did not proffer that she had "any improper contact with any other child other than R.I." and conditions could mitigate any threat. Defendant does not challenge the finding that the State proved, by clear and convincing evidence, that the proof is evident or the presumption is great that defendant committed a qualifying offense. This issue has thus been abandoned on appeal. See *People v. Drew*, 2024 IL App (5th) 240697, ¶ 21; Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024) ("If a memorandum is filed, it must identify which issues from the motion for relief are being advanced on appeal.").

5

¶ 17    Pretrial release—including the conditions related thereto—is governed by article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2024)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or poses a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the circuit court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The circuit court may order a defendant detained pending trial if the defendant is charged with a qualifying offense and the circuit court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 18    Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the circuit court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. In the present matter, the parties proceeded solely by proffer, so we will employ a *de novo* review.

¶ 19    The circuit court is provided a nonexhaustive list of factors it should consider when determining whether a defendant poses a real and present threat to the safety of any individual(s)

6

or the community. Those factors include (1) the nature and circumstances of the offenses charged, including whether they are crimes of violence, involve a weapon, or a sex offense; (2) whether the defendant's prior criminal history indicates "violent, abusive, or assaultive behavior, or lack of such behavior"; (3) the identity of any individual to whose safety the defendant may pose a threat and the nature of any such threat; (4) the defendant's age and physical condition; (5) the age and physical condition of the victim or complaining witness; (6) whether the defendant possesses or has access to any weapons; (7) whether the defendant was on probation, parole, or mandatory supervised release when arrested on the underlying charges or any other offense; and (8) any other factor that has a reasonable bearing on the defendant's propensity for violent, abusive, or assaultive behavior. 725 ILCS 5/110-6.1(g)(1)-(9) (West 2024). No one factor is determinative, and the court must base its decision on an individualized assessment. *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 15 (citing 725 ILCS 5/110-6.1(f)(7) (West 2022)).

¶ 20    Once a court determines that the defendant poses a threat to the safety of any individual or the community, the circuit court must determine whether the State has met its burden of proving by clear and convincing evidence what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2024). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific,

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of

7

real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* § 110-5(a)(1)-(5). The Code of Criminal Procedure of 1963 lists no singular factor as dispositive. See *id.* § 110-5(a). The nature and circumstances of the underlying offense is "just one factor to consider in determining whether the threat posed can be mitigated by conditions of release." *People v. Lopez*, 2025 IL App (2d) 240709, ¶ 19.

¶ 21    We have thoroughly reviewed the record on appeal in this matter, including the initial detention hearing and the motion for relief hearing. The State proffered that defendant was charged with predatory criminal sexual assault of a child, a Class X felony, and aggravated criminal sexual abuse, a Class 2 felony. The offenses were alleged to have occurred over the course of six years while R.I. was in a relationship with defendant's minor daughter. This relationship allowed defendant to be in a position of trust or authority over R.I., including permitting and requesting R.I. to sleep in her home overnight. Defendant informed law enforcement that there was sexual contact, although her factual recounting of the offense was different than the State's proffer.

¶ 22    According to defendant, she became incapacitated through alcohol and drugs on two occasions in 2022, and R.I. assaulted her, then blackmailed defendant. The State's proffer was that after an argument with her daughter, defendant "told her daughter that she had been engaging in sexual intercourse with her daughter's boyfriend." This admission to her daughter resulted in R.I. reporting the offenses, occurring over six years, to law enforcement. In addition to the charged offenses, the State proffered that R.I.'s family previously attempted to obtain an order of protection

---

sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2024).

from defendant. Defendant "fought against" the order which would prevent contact between her and R.I. as well.

¶ 23    There are several applicable factors in this case as to defendant's real and present threat. First, the nature and circumstances of the offense charged include felony sexual offenses against a minor, occurring for several years, beginning when the victim was 12 years old. 725 ILCS 5/110-6.1(g)(1) (West 2024). Defendant's release poses a threat to R.I., as he was a victim of the offense. *Id.* § 110-6.1(g)(3). Defendant also told law enforcement that there was sexual contact, and this contact could not have been consensual because R.I. was under the age of consent when it occurred. *Id.* § 110-6.1(g)(4). The State also proffered that defendant previously argued against having her contact with R.I. restricted through an order of protection. *Id.*

¶ 24    Defendant argues that the State did not proffer that defendant poses a threat to "any other child," that she engaged in unlawful sexual conduct with any other child, or that she threatened R.I. with bodily harm. The State did not have to proffer any evidence of a separate offense with a different child in order to prove defendant posed a real and present threat to the victim of this case. Further, defendant focuses on R.I.'s present age and that the "threat to the safety of him is significantly reduced, if not completely eliminated." This court fails to see how the victim's age would now reduce the threat posed to him by defendant simply because he is of the age of consent now when the State proffered that the alleged offenses occurred over the course of one third of the victim's life thus far. As such, we find that defendant posed a real and present threat to R.I. and the community based on the proffer from the State.

¶ 25    Defendant argues that she would be willing to comply with conditions of release, such as home confinement, electronic monitoring, or a no contact order with R.I. The State proffered that defendant previously argued against an order preventing contact between her and R.I. Further, the

9

offenses were alleged to have occurred within defendant's home, which is where she requested to have home confinement and electronic monitoring. None of these conditions would ensure that defendant was not in the presence of minors, and her minor son did reside in the home as well. See *People v. Willenborg*, 2023 IL App (5th) 230727, ¶ 20 ("[T]he electronic monitoring device would not indicate defendant's proximity to the minor. Moreover, there is no way to ensure that the defendant would comply" with a restriction to stay away from minors.). Accordingly, we find no error in the circuit court's granting of the State's petition to detain, and denial of the defendant's motion for relief, where, upon our independent review, we find no error in the circuit court's determination that no condition or combination of conditions would mitigate the risk posed to the victim or the community.

¶ 26                                    III. CONCLUSION

¶ 27    We affirm the Jefferson County circuit court's order detaining defendant and denying her motion for relief.

¶ 28    Affirmed.